IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE RICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA PUBLIC ) | |
| DEFENDER SERVICE, ) | |
| ) | |
| Defendant. ) | CIV. NO. 1:07-cv-0956 (PLF) |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Public Defender Service for the District of Columbia respectfully moves the Court to dismiss with prejudice the claims asserted against it by Plaintiff George Rice. A Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss is attached.

Dated: August 8, 2007

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Tobin J. Romero, Esq.
D.C. Bar No. 461273
David S. Kurtzer-Ellenbogen, Esq.
D.C. Bar No. 489559
M. Jesse Carlson, Esq.
D.C. Bar No. 490196
725 Twelfth Street NW
Washington, DC  20005
(202) 434-5000

*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE RICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA PUBLIC ) | |
| DEFENDER SERVICE, ) | |
| ) | |
| Defendant. ) | CIV. NO. 1:07-cv-0956 (PLF) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Public Defender Service for the District of Columbia ("PDS") respectfully moves the Court to dismiss with prejudice the claims asserted against it by Plaintiff George Rice.[1]

**INTRODUCTION**

Mr. Rice is a federal inmate appearing *pro se*. According to the allegations of his Complaint, in May and June of 2004, he was represented by (and only by) Tracy Hayes of PDS at probable cause and parole revocation hearings held before the United States Parole Commission ("the Parole Commission"). *See* Affidavit of Plaintiff George Rice ¶¶ 2, 4 ("Aff."), annexed to the Complaint.

---

[1] A complaint against PDS, filed *pro se* by a second inmate at the same facility and alleging similar facts and identical legal theories, is pending before Judge Lamberth, *Stoddard v. District of Columbia Public Defender Service*, Civ. No. 1:07-cv-0549 (RCL). PDS previously advised the Court by letter on July 16, 2007 of this related case. PDS has filed a motion to dismiss in that case concurrently with this Motion.

According to the Complaint, Hayes introduced himself as an attorney, and answered questions, made assertions, and signed documents in that role. *Id.* ¶¶ 1, 3, 5. Mr. Rice appears to allege, however, that Hayes was "impersonating [an] attorney[]," and that Hayes "while unauthorized and unsupervised engaged in the 'Practice of Law' in the District of Columbia." Compl. at 1.[2]

Mr. Rice's argument seems to boil down to the following: He is entitled under federal constitutional or statutory law to representation by a licensed attorney at his parole hearings. Because PDS, whom Mr. Rice alleges to be an agency of the District of Columbia government, provided him instead with an "individual[] impersonating [an] attorney[]," Compl. at 1, PDS thereby deprived him under color of state law of his constitutional or statutory rights. Mr. Rice also alleges that PDS thereby committed "legal malpractice, professional malpractice, fraud and gross negligence." Compl. at 5.

Mr. Rice's theory has a number of fatal deficiencies, but one stands out above the rest. As a matter of public record, of which this Court may take judicial notice, Tracy Hayes was a licensed Wisconsin attorney at the time he represented Mr. Rice. As a licensed attorney, Hayes was qualified to practice before the Parole Commission. Mr. Rice therefore was deprived of no right and can state no claim.

---

[2]  Plaintiff does not appear explicitly to allege this fact. However, a liberal reading of the Complaint suggests that this is Plaintiff's argument. In the similar case filed by Keith O. Stoddard and pending before Judge Lamberth, *see* note 1, *supra*, Plaintiff Stoddard alleges that Mr. Hayes "was admitted to the D.C. Bar as a law student August 9, 2004." *Stoddard*, Civ. No. 1:07-cv-0549 (Docket No. 5, Affidavit of Plaintiff Keith O. Stoddard ¶ 10).

His allegations are also deficient for a variety of other reasons, including, *inter alia*, because PDS is not a state actor for purposes of Section 1983 liability, because PDS cannot be held liable for Mr. Hayes's actions under Section 1983, because PDS—according to Mr. Rice's own allegations—cannot be a "person" for purposes of Section 1983 liability, and because Mr. Rice fails to provide any factual allegations to support his common-law claims for fraud, negligence, and malpractice.

## ARGUMENT

### I. MOTION TO DISMISS STANDARD.

A *pro se* complaint, "however inartfully pleaded," is held to a less stringent standard than pleadings prepared by lawyers. *Williams v. Moore*, 899 F. Supp. 711, 712 (D.D.C. 1995) (Friedman, J.) (reviewing claims of *pro se* inmate) (*citing Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). In considering a motion to dismiss such a complaint for failure to state a claim, plaintiff's factual allegations are presumed to be true and liberally construed in favor of the plaintiff. *Id.* "Nevertheless, 'a *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court.'" *Id.* (*quoting Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994)).

### II. MR. RICE HAS FAILED TO ALLEGE THE NECESSARY ELEMENTS TO SUPPORT A SECTION 1983 CLAIM.

A claim under 42 U.S.C. § 1983 requires that the plaintiff allege (1) deprivation of a federal right (2) by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Mr. Rice fails to establish either of those required elements.

### A. MR. RICE WAS NOT DEPRIVED OF ANY FEDERALLY PROTECTED RIGHT.

Mr. Rice's Section 1983 claim fails because his underlying premise, that Tracy Hayes was not a licensed attorney, is wrong. The indisputable public record shows that Hayes in fact was a licensed attorney at the time he represented Mr. Rice before the Parole Commission. The publicly available records of the State Bar of Wisconsin show that Attorney Hayes graduated from law school in 2001 and was admitted to the Wisconsin Bar on January 28, 2002—more than a year before he began representing Mr. Rice. *See* Exhibit A (Wisconsin Bar record). The Court may take judicial notice of these public records. *See, e.g., United States v. Rankin*, No. 05-615, 2007 WL 1181022, at *3 (E.D. Pa. Apr. 18, 2007) (taking "judicial notice of the fact that [defendant] was a licensed attorney"); *Brockmeier v. Solano County Sheriff's Dep't*, No. CIV-S-05-2090 MCE EFB PS, 2006 WL 3760276, at *2 (E.D. Cal. Dec. 18, 2006) ("it is clear" that the court may judicially notice an individual's status as a licensed attorney in another jurisdiction); *Tighe v. Mora (In re Nieves)*, 290 B.R. 370, 379 (Bankr. C.D. Cal. 2003) (taking judicial notice of information on state bar website); *Saipan Lau Lau Dev., Inc. v. Super. Court of N. Mar. I.*, No. Civ.A. 97-1107, 2001 WL 34883529, at *10 n.48 (D.N. Mar. I. March 8, 2001) (taking judicial notice of information on Arizona state bar website); *Chudoff v. McGranery*, 179 F.2d 869, 871 n.4 (3d Cir. 1950) (taking judicial notice of attorney's admission to the bar of another court).

The Parole Commission is a federal agency. *See* 18 U.S.C. § 4202 ("There is hereby created, as an independent agency in the Department of Justice, a

United States Parole Commission . . . .");[3] *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1105 (D.C. Cir. 2005). And any "individual who is a member in good standing of the bar of the highest court of *a State* may represent a person before an agency . . . ." 5 U.S.C. § 500(b) (2000) (emphasis added); *Polydoroff v. ICC*, 773 F.2d 372, 374 (D.C. Cir. 1985) (same, noting that the statute "prohibits agencies from erecting their own supplemental admission requirements for duly admitted members of a state bar"). The Parole Commission's own regulations require only that a representative, in order to provide legal representation, be a "licensed attorney[]." 28 C.F.R. § 2.103(e). In other words, so long as an attorney is qualified to practice law in a state, there is no limitation on that attorney's ability to practice administrative law before federal agencies—such as the Parole Commission—that happen to be located in other states. *See id.*; *see also* 8 C.F.R. §§ 1001.1 & 292.1(a)(1) (providing "[a] person entitled to representation [before immigration authorities] may be represented" by, among others, "any person who is a member in good standing of the bar of the highest court of any State, possession, territory, Commonwealth, or the District of Columbia"); 17 C.F.R. § 201.102(b) ("In any proceeding [before the Securities & Exchange Commission], a person may be represented by an attorney at law admitted to practice before . . . the highest court

---

[3]   The organizing statutes for the Parole Commission, 18 U.S.C. §§ 4201-4218, have all been repealed and the Parole Commission itself eliminated from existence, but the effective date of such elimination repeatedly has been deferred by statute, most recently to November 1, 2008. *See* United States Parole Commission Extension and Sentencing Commission Authority Act of 2005, Pub. L. No. 109-76, 119 Stat. 2035 (2005).

of any State"). As a member of the bar of the highest court of Wisconsin, Attorney Hayes was qualified to represent Mr. Rice before the Parole Commission. Mr. Rice therefore has stated no deprivation of a federal constitutional or statutory right.[4]

### B. A PUBLIC DEFENDER IS NOT A STATE ACTOR UNDER SECTION 1983 WHEN ACTING AS THE STATE'S ADVERSARY.

When PDS appointed counsel to represent Mr. Rice, it was acting as the state's adversary and thus was not a state actor for purposes of Section 1983. It is a long-established principle that a public defender acting as an adversary of the government is not a state actor for purposes of Section 1983. *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). The principle holds true "even if the attorney is employed by . . . a state-funded legal services agency under the direction of" the state government. *Fisk v. Letterman*, 401 F. Supp. 2d 362, 378 (S.D.N.Y. 2005). *See also Gerena v. Puerto Rico Legal Services, Inc.*, 697 F.2d 447 (1st Cir. 1983) (receipt of Commonwealth funds alone by legal assistance corporation not enough to

---

[4] Case law and bar ethics rulings consistently support the principle that broad access to federal administrative practice cannot be cramped by state bar requirements. *See In re Banks*, 805 A.2d 990, 999 (D.C. 2002) (District of Columbia court cannot prohibit representation authorized by Congress before federal agencies) (*citing Sperry v. Florida*, 373 U.S. 379, 385 (1963) (federal law governing practice before federal agencies pre-empts incompatible state law)); Conn. Bar Ass'n Comm. on Prof'l Ethics, Informal Op. 98-1 (1998), *available at* 1999 WL 92401, at *1, *3 (New York lawyers may practice before federal immigration agencies without engaging in unauthorized practice of law in Connecticut); N.J. Supreme Court Comm. on Unauthorized Practice, Op. 27 (1993), *available at* 1993 WL 82148, at *2 (attorney may practice before federal immigration agency in New Jersey without requiring admission to New Jersey bar).

establish that corporation was a state actor); *Lefcourt v. Legal Aid Soc'y*, 445 F.2d 1150 (2d Cir. 1971) (legal aid society did not act under color of state law by virtue of financial and other benefits received from City of New York and other governmental agencies). At the time when a public defender represents a criminal defendant, he or she is not acting under "color of state law"—even if a state employee—because he or she is *not acting on behalf of the state, but rather as an adversary of the state.* See *Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 303-04 (2001) ("Full-time public employment would be conclusive of state action for some purposes, but not when the employee is doing a defense lawyer's primary job; then, the public defender 'does not act on behalf of the State; he is the State's adversary.'" (citations omitted) (*quoting Polk County*, 454 U.S. at 323 n.13)).

  The federal courts in this jurisdiction have long acknowledged and applied the principle of *Polk County*. See *Hurt v. Borders*, 210 F. App'x 15, 16 (D.C. Cir. 2006) (per curiam) (under *Polk County*, "public defender does not act under color of state law for purposes of 42 U.S.C. § 1983 when performing a lawyer's traditional functions as counsel to indigent defendant in a state criminal proceeding"); *Miles v. Ugast*, No. 98-5347, 1998 WL 929826, at *1 (D.C. Cir. Dec. 9, 1998) (per curiam) (affirming dismissal of claims against public defenders because they are not state actors, and citing *Polk County*); *Simmons v. Beshouri*, No. Civ.A 06-0380ESH, 2006 WL 751335, at *1 (D.D.C. Mar. 23, 2006) (Huvelle, J.) (dismissing claim by *pro se* inmate against appointed defense counsel, because

7

defendants were not state actors).[5] PDS is not liable under Section 1983 for actions taken as the state's adversary and Mr. Rice's claim must be dismissed.

### C. PDS CANNOT BE HELD LIABLE FOR ATTORNEY HAYES'S ACTIONS UNDER SECTION 1983.

In addition, Mr. Rice cannot hold PDS liable under Section 1983 for Attorney Hayes's actions. The deprivation of a federal right by employees or agents of an entity cannot be imputed to the entity for purposes of imposing liability under Section 1983. *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[A] municipality cannot be held liable under § 1983 on a respondeat superior theory"); *Int'l Action Ctr. v. United States*, No. Civ.A. 01-72 (GK), 2002 WL 31696682, at *1 (D.D.C. 2002) (Kessler, J.) ("[Entity] cannot be held liable under Section 1983 based on a respondeat superior theory"); *Nelson v. Prison Health Servs.*, 991 F. Supp. 1452, 1465 (M.D. Fla. 1997) ("Like a county or a municipality, however, a private corporation . . . cannot be held liable on the basis of the doctrine of respondeat superior"). PDS can only be held liable under Section 1983 if the deprivation of the federal right at issue can be traced to PDS's official policy, practice or custom. *Monell*, 436 U.S. at 694 (official policy of some nature must be the "moving force" behind the constitutional violation alleged); *Baker v. District of Columbia*, 326 F.3d

---

[5] The existence of a separate line of authority holding that a public defender agency created by Congress may be treated as a state actor for purposes of Fifth Amendment due process, *see Wilkinson v. Legal Servs. Corp.*, 27 F. Supp. 2d 32, 44-45 (D.D.C. 1998) (treating Legal Services Corp. as state actor for purposes of action filed by non-renewed employee, but awarding summary judgment to Legal Services Corp. on due process claims), does not compromise the above conclusion. A public defender cannot be treated as a state actor for actions taken adverse to the government and in the public defender's capacity as an advocate.

1302, 1306 (D.C. Cir. 2003) (holding § 1983 plaintiff must show both a predicate deprivation of a federal right and that a policy or custom caused the deprivation). Here, Mr. Rice's factual allegations relate almost entirely to the representations that Attorney Hayes made to him, not any policy, practice or custom of PDS. As a result, Mr. Rice's claims must be dismissed.

### D. PDS IS NOT A "PERSON" WHO MAY BE SUED UNDER SECTION 1983.

Mr. Rice alleges that PDS, "an independent agency of the District of Columbia Government," deprived him of his right to counsel. Compl. at 3 (*citing* D.C. Code § 2-1602). Taking Mr. Rice's allegation that PDS is "an independent agency of the District of Columbia government" to be true for purposes of this Motion, PDS cannot be subject to suit under Section 1983. Neither a federal nor state agency qualifies as a "person" that may be held liable under Section 1983. *Elliott v. FDIC*, 305 F. Supp. 2d 79, 84-85 (D.D.C. 2004) (federal agencies not subject to suit); *Savage v. Scales*, 310 F. Supp. 2d 122, 130 (D.D.C. 2004) ("[P]laintiff cannot maintain his § 1983 action against [defendant] because neither a state nor a state agency is a proper 'person' as defined in the statute."). Further, "[g]overnmental agencies of the District of Columbia are not suable entities, or *non sui juris*." *Arnold v. Moore*, 980 F. Supp. 28, 33 (D.D.C. 1997) (Lamberth, J.) (dismissing *pro se* inmate claims under Section 1983 against District of Columbia Department of Corrections). *See also Miller v. Spencer*, 330 A.2d 250, 251 n.1 (D.C. 1974) (noting that "the 'District of Columbia Department of Sanitation' is not a suable entity"). Accordingly, the Complaint must be dismissed.

9

### III. MR. RICE FAILS TO STATE ANY COMMON LAW CLAIMS.

As an apparent afterthought, Mr. Rice appears to allege further injuries sounding in malpractice, fraud, and negligence. Compl. at 5. He fails to state a claim with respect to any of these causes of action because he offers no allegations at all to support any of these claims, other than the possible allegation (liberally construing the Complaint) that Hayes held himself out as an attorney when in fact he was a law student. Because Hayes's statement that he was an attorney was accurate, as he had been admitted to the Wisconsin bar in 2002, Mr. Rice can make out no claim for fraud. Mr. Rice offers no factual allegations at all to support claims for negligence or malpractice, and these counts therefore must similarly be dismissed. *See Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1964-65 (2007) (to survive Rule 12(b)(6) dismissal, plaintiff must allege facts sufficient "to raise a right to relief above the speculative level").

In any event, the Court may review Mr. Rice's common law claims only as a matter of supplemental jurisdiction, since he has alleged no independent subject matter jurisdiction for such claims. *See* 28 U.S.C. § 1367 (2000). If Mr. Rice's Section 1983 claim is dismissed, the Court will lack subject matter jurisdiction over this action and Mr. Rice's common law claims should be dismissed as well. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033 (D.C. Cir. 2003) ("Dismissal of the pendant claims was appropriate here, where all of the federal claims were properly resolved against appellants.").

## CONCLUSION

For the reasons presented, Defendant PDS respectfully requests that Mr. Rice's complaint be dismissed with prejudice.

Dated: August 8, 2007

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Tobin J. Romero, Esq.
D.C. Bar No. 461273
David S. Kurtzer-Ellenbogen, Esq.
D.C. Bar No. 489559
M. Jesse Carlson, Esq.
D.C. Bar No. 490196
725 Twelfth Street NW
Washington, DC   20005
(202) 434-5000

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 8th day of August, 2007, a true copy of the foregoing DEFENDANT'S MOTION TO DISMISS was mailed by first class mail, postage prepaid to:

George Rice #09824-007
FCI
POB 4000
Manchester, KY 40962-4000

                _____
                  M. Jesse Carlson

# EXHIBIT A



# WisBar.org

## State Bar of Wisconsin
Wisconsin Lawyers. Expert Advisers. Serving You.

Lawyer Directory　My
Shop　Cu

| Home | The State Bar | Legal Research | Seminars, Books & Products | Law Practice Management | Lawyer Regulation | Co |

Home　Lawyer directory

Lawyer directory



# Lawyer Directory

*The license status and member type information provided reflects this lawyer's current information. For historical information on their license status, please contact Membership.*

**Atty. Tracy Hayes**
Rhode Island Public Defender
160 Pine St
Providence, RI 02903-3708

**Email:** thayes3791@aol.com

**Member ID:** 1040373

**License status:**
- Good

**Member type:**
- Inactive

**County:** Out of State
**Graduation Year:** 2001
**Law School:** U of Wisconsin
**Wisconsin Admission:** 1/28/2002

---

Home | The State Bar | Legal research | Seminars, books & products
Law practice management | Lawyer regulation | Legal community

© 2007 State Bar of Wisconsin, P.O. Box 7158, Madison WI 53707-7158
Customer Service (800) 728-7788. For problems with this site, contact the webmaster.
Disclaimer of Liability | Terms & Conditions of Use | Privacy Statement | Advertising

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE RICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA PUBLIC ) | |
| DEFENDER SERVICE, ) | |
| ) | |
| Defendant. ) | CIV. NO. 1:07-cv-0956 (PLF) |

**[PROPOSED] ORDER**

This matter is before the Court on Defendant's Motion To Dismiss.

Upon consideration of this Motion and the entire record herein, it is hereby

ORDERED that Defendant's Motion to Dismiss is GRANTED, and that

Plaintiff's complaint hereby is DISMISSED WITH PREJUDICE.

So ordered.

_____
United States District Judge

Copies to:

Tobin J. Romero, Esq.
David S. Kurtzer-Ellenbogen, Esq.
M. Jesse Carlson, Esq.
Williams & Connolly LLP
725 12th Street, N.W.
Washington, DC  20005

George Rice #09824-007
FCI
POB 4000
Manchester, KY  40962-4000

# CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 8th day of August, 2007, a true copy of the foregoing [PROPOSED] ORDER with respect to DEFENDANT'S MOTION TO DISMISS was mailed by first class mail, postage prepaid to:

George Rice #09824-007
FCI
POB 4000
Manchester, KY 40962-4000

_____
M. Jesse Carlson