UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

SEP 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

GEORGE RICE,                     )
                                 )
        Plaintiff,               )
                                 )
                                 )
v.                               )       Civil Action No. 07-0956 (PLF)
                                 )
                                 )
DISTRICT OF COLUMBIA PUBLIC      )
DEFENDER SERVICE,                )
                                 )
        Defendant.               )
                                 )

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS OPPOSITION IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). A Court should not dismiss for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Warren v. District of Columbia, 353 F.3d 36, 37 (D.C. Cir. 2004). In resloving a Rule 12(b)(6) motion, the Court must treat the complaint's factual allegations, including mixed questions of law and fact, as true, drawing all reasonable inferences in the plaintiff's favor. Macharia v. United States,

334 F.3d 61, 64 67 (D.C. Cir. 2003).

## PLAINTIFF HAS ALLEGED THE NECESSARY ELEMENTS TO SUPPORT HIS SECTION 1983 CLAIM

In order to state a claim against a municipality, the plaintiff therefore must allege not only a violation of his rights under the Constitution or federal law, but also that the municipality's custom or policy caused the violation. Collins v. City of Harker Heights, 503 U.S. 115, 123-24, 112 S.Ct. 1061, 1067-68, 117 L.Ed. 2d 261 (1992); Barker v. District of Columbia, 326 F.3d 1302, 1306 (D.C. Cir. 2003). Plaintiff has alleged the factual nature of defendant's conduct violating his federal rights; however as for the second requirement, plaintiff is part of the class action that was initiated in this Court Feburary 2007. The Court dismissed without prejudice. Plaintiff then filed with this Court his current complaint.

As the Court discuss a prisoner's liberty interests in Williams v. Moore, 899 F. Supp. 711 (D.D.C. 1995) of which defendant cites within the Motion. The issues within this case are different Williams petition for work release and work furloughs. The Court concluded this discretion was of the District to grant or deny same. The defendant's arguments are off base.

What is at issue, that warrants relief is federal law. Defendants violated plaintiff's clearly established constitutional and statutory rights through the failure to appoint authorized legal counsel within hearing that demands an attorney.

2

## DEFENDANT VIOLATED PLAINTIFF'S FEDERALLY PROTECTED RIGHTS

Pursuant to Federal Rule Civil Procedure 8(a) which states a short and plain statement of the claim showing that the pleader is entitled to relief, which plaintiff has done. However, to prove defendant had actual and constructive knowledge; and to provide sufficient proffered evidence for the purpose to establish defendant's liability plaintiff has included Exhibits.

## DEFENDANT HELD OUT AS AUTHORIZED LAW STUDENT

See Exhibit A (D.C. Bar website information Hayes status as law student). Defendant appointed law student whom represented plaintiff as his attorney. Hayes stated to examiner he is the assigned attorney from the Public Defender Service and sign documents using the title "attorney". Defendant is in violation of the laws of the District of Columbia. See In Re Banks, 561 A.2d 158 (D.C. App. 1987). Rule 49 Unauthorized practice of law of the District of Columbia Court of Appeals is reference in Banks, that "no person shall hold out to the public as being entitled to practice; or in any manner assume to be an attorney or counselor, or any equivalent title, in such a manner as to convey the impression that such person is entitled to practice law...without being an enrolled active member of the Bar."

## DEFENDANT HELD OUT AS AUTHORIZED AN INACTIVE MEMBER IN WISCONSIN

See Exhibit B (Correspondence from the State Bar of Wisconsin August 15, 2007). The defendant is wrong, Hayes was admitted September 28, 2002. The Court must disregard the information

3

provided by defendant that states January 28, 2002.  And Hayes
was placed on inactive status **October 15, 2002**, this means only
17 days later of admission.  Understanding inactive is not being
able to practice law without first petitioning the Bar for active
reinstating.

### DEFENDANT IS LIABLE FOR HAYES ACTIONS UNDER SECTION 1983

See 18 U.S.C. 3006A (g)(3) Malpractice and Negligence Suits.
"The Director...shall...hold harmless any person who is an
officer or employee...under this section which is receiving
periodic sustaining grants, for money damages for injury, loss of
liberty, loss of property, or personal injury...from malpractice
or negligence of any such officer or employee in furnshing
representational services under this section while acting within
the scope of that person's office or employment."

### PLAINTIFF HAS STATED COMMON LAW CLAIM FOR FRAUD

At Common law, the requiste elements of fraud under the District
of Columbia law are: (1) a false representation (2) made in
reference to a material fact, (3) with knowledge of its falsity,
(4) with the intent to deceive, and (5) an action that is taken
in reliance upon representation.

### CONCLUSION

Plaintiff respectfully request the Honorable Court to deny
Defendant's motion to dismiss.

Respectfully submitted,

4

Dated: September 7, 2007

George Rice
Plaintiff
Federal Correction Inst.
P.O. Box 4000
Manchester, KY 40962-4000


## CERTIFICATE OF SERVICE


I hereby certify that I mailed a copy of Plaintiff's Opposition

In Response to Defendant's Motion to Dismiss via first class U.S.

Mail this 7 day of September to the following:


David S. Kurtzer-Ellenbogen, Esq.
725 Twelfth Street NW
Washington, D.C. 20005

Counsel for Defendant


George Rice

5

**EXHIBIT A**



*Service ▪ Integrity ▪ Leadership*

**Quick Links to**
-Top Pages-
-Marketplace-

▶ **Inside the Bar**

▶ **For Lawyers**

▶ **For the Public**

## Search Results

Search again.

Records matching your search criteria: 1

1. **Tracy Hayes**
   DC Law Students in Court
   806 7th Street NW
   Washington DC 20001

   Email: Not available
   Phone: 202-638-4798
   Membership Status: Active
   Disciplinary history: None
   Date of admission: August 9, 2004



**AVIS.** DC Bar Members Save 10% Plus A Free Weekend Day! DC BAR

The District of Columbia Bar | 1250 H Street NW, sixth floor | Washington DC 20005-5937 | 202-737-4700 | **Directions/Pa**
©**COPYRIGHT** 2006 DISTRICT OF COLUMBIA BAR. ALL RIGHTS RESERVED. **Privacy Policy** | **Disclaimer**

**EXHIBIT B**



**WISCONSIN LAWYERS**

STATE BAR of WISCONSIN®

EXPERT ADVISERS.
SERVING YOU.

August 15, 2007

To Whom It May Concern:

According to the records of the State Bar of Wisconsin, Atty. Tracy Hayes is an inactive member of the Wisconsin Bar in good standing. Atty. Hayes has been a member since admission to the State Bar of Wisconsin on September 28, 2002.

Atty. Hayes has been on inactive status since October 15, 2002 and was suspended for non-payment of dues from November 1, 2004 to November 12, 2004.

If you should have any questions regarding this matter, please feel free to contact me at the State Bar office.

Sincerely,

Sarah Linnan
Member Records Assistant
State Bar of Wisconsin