IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE RICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA PUBLIC DEFENDER SERVICE, | ) |
| | ) |
| Defendant. | ) CIV. NO. 1:07-cv-0956 (PLF) |

**DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant Public Defender Service for the District of Columbia ("PDS"), by and through undersigned counsel, respectfully submits this Reply Memorandum in further support of its Motion to Dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

None of the arguments raised in Plaintiff George Rice's Opposition are sufficient to save his Complaint from dismissal. Dismissal is required for each of the following separate and independently sufficient reasons: (1) it is undisputed that PDS is neither a state actor nor a "person" for purposes of Section 1983; (2) Attorney Hayes's inactive status with the Wisconsin bar did not deprive Mr. Rice of any federally protected right; (3) Mr. Rice has failed to allege facts that support the claim that any PDS policy, practice or custom deprived him of a federally protected right; and (4) Mr. Rice's common-law claims are foreclosed as a matter of law.

# ARGUMENT

## I. IT IS UNDISPUTED THAT PDS IS NEITHER A STATE ACTOR NOR A PERSON FOR PURPOSES OF A SECTION 1983 CLAIM.

Mr. Rice's Opposition fails to address PDS's arguments that: (1) it is not a state actor for purposes of Section 1983 when representing a client as the state's adversary; and (2) it is not a "person" as that term is defined for purposes of Section 1983. Def.'s Mem. of P. & A. in Supp. of Mot. to Dismiss ("Def.'s Mem.") at 6-7, 9. Because PDS was acting as the state's adversary in appointing Attorney Hayes to represent Mr. Rice, he cannot state a claim under Section 1983. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *see also*, Def.'s Mem. at 6-7. Further, assuming *arguendo* that, as Mr. Rice has alleged, PDS is an independent agency of the District of Columbia, it is not a person for purposes of Section 1983. *See* Compl. at 3. Neither federal nor state agencies are a "person" for purposes of Section 1983 and governmental agencies of the District of Columbia are not suable entities. *See* Def.'s Mem. at 9. Thus, Mr. Rice fails to state a Section 1983 claim.

"[W]hen a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Bernard v. United States Dept. of Defense*, 362 F. Supp. 2d 272, 280 (D.D.C. 2005) (quotation marks omitted); *see also Cureton v. United States Marshal Serv.*, 322 F. Supp. 2d 23, 27-28 (same; dismissing Section 1983 claim where plaintiff's opposition failed to address defendants' "clear case for dismissal"). The Court should treat PDS's arguments that it is neither a

state actor nor a person for purposes of Section 1983 as conceded and dismiss Mr. Rice's Complaint with prejudice.

## II. MR. RICE WAS NOT DEPRIVED OF ANY FEDERALLY PROTECTED RIGHT.

Mr. Rice does not dispute that under both the statute governing federal administrative practice generally, and the regulations of the United States Parole Commission ("the Parole Commission") specifically, Attorney Hayes was qualified and authorized to represent Mr. Rice because he was a "licensed attorney" in "good standing." 5 U.S.C. § 500(b); 28 C.F.R. § 2.103(e); Def.'s Mem. at 4-5. And Mr. Rice concedes that Attorney Hayes was a licensed Wisconsin attorney in good standing during the course of the representation. *See* Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss ("Opp.") at 3-4 & Ex. B.[1] Mr. Rice's only argument—that Attorney Hayes was on inactive status beginning in October 2002—is irrelevant because, whether a Wisconsin attorney's status is "active" or "inactive," the attorney remains "licensed" and in "good standing" with the bar. Attorney Hayes thus possessed the legal qualifications necessary to represent Mr. Rice before the Parole Commission and Mr. Rice was deprived of no federally protected right.

Mr. Rice asserts that Attorney Hayes's inactive status meant he was "not [] able to practice law without first petitioning the Bar for active [status]" in

---

[1] The letter from the Wisconsin Bar attached as Exhibit B to Mr. Rice's Opposition states that Attorney Hayes was admitted to the Wisconsin Bar on September 28, 2002. That date differs from the date on the website of the Wisconsin Bar, Def.'s Mem. at 4 & Ex. C, which shows Attorney Hayes's date of admission in Wisconsin as January 28, 2002. However, as discussed below, the difference is irrelevant because in either case Attorney Hayes was a licensed attorney when he represented Mr. Rice before the Parole Commission in 2004.

3

arguing that PDS "held out as authorized an inactive member in Wisconsin." *Id.* at 3-4. However, under Wisconsin law, a lawyer who elects "inactive" status remains both "in good standing" and "licensed." *See* Wisc. Sup. Ct. R. 10.03 (providing that membership in the state bar consists of all persons "licensed to practice law," that one class of members are "inactive members," and that "[a]ny inactive member in good standing" may change his or her classification to "active" upon written request and paying necessary dues); *see also In re Disciplinary Proceedings Against Bolte*, 699 N.W.2d 914, 915-16 (Wis. 2005) (noting that respondent's "license to practice law in Wisconsin has remained in good standing," although respondent "elected to be on 'inactive' status, which means that he is not engaged in the active practice of law in Wisconsin"); *United States v. Maher*, 54 M.J. 776, 778 (A.F. Ct. Crim. App. 2001) (military judge advocate was "in good standing" despite "inactive" bar status; noting that in certain states "inactive status was merely a way to recognize those attorneys who practiced law out of state . . . but who still maintained a good standing with their state bar").

Attorney Hayes's bar status in Wisconsin may have been inactive at the time he represented Mr. Rice, but he remained a "licensed" attorney "in good standing." Opp. at Ex. D.[2] He therefore was qualified to represent Mr. Rice before

---

[2] Mr. Rice's argument that Attorney Hayes was a law student at the time he represented Mr. Rice before the Parole Commission, Opp. at 3, is contradicted by the undisputed public record of Attorney Hayes's membership in good standing in the Wisconsin bar. The Opposition exhibit that lists Attorney Hayes's contact information as D.C. Law Students in Court, *see* Opp., Ex. A, refers to Attorney Hayes's employer after he left PDS. It is clear that Attorney Hayes was admitted to the Wisconsin Bar in 2002 and to the District of Columbia Bar in 2004. See Opp.,

the Parole Commission and Mr. Rice states no deprivation of a federal constitutional or statutory right.[3]

### III. MR. RICE FAILS TO ALLEGE A "LONGSTANDING PRACTICE OR CUSTOM" ON THE PART OF PDS.

Nothing in Mr. Rice's opposition changes the Complaint's failure to make factual allegations that support his claim that a PDS policy, practice or custom denied him a federally protected right. PDS cannot be held vicariously liable under Section 1983 for Attorney Hayes's actions, and neither Mr. Rice's conclusory references to PDS policies nor his citation to a previously dismissed Complaint alleging a putative class action entitle him to proceed against PDS.[4]

As PDS argued, all of Mr. Rice's factual allegations relate to representations made to him by Attorney Hayes, and not to any policy, practice or custom of PDS; because the doctrine of respondeat superior may not be used to impute Attorney Hayes's conduct to PDS, Mr. Rice fails to state a Section 1983 claim. Def.'s Mem. at 8-9. Mr. Rice's opposition notes that Section 1983 liability is

---

Exs. A & B. Attorney Hayes obviously was not a law student at the time that he represented Mr. Rice before the Parole Commission.

[3] As PDS demonstrated in its opening brief, Def.'s Mem. at 4-5 & n.4, the Parole Commission's regulations govern attorney practice before it, not the rules of the District of Columbia Court of Appeals. Accordingly, Mr. Rice's citation to and discussion of the Court of Appeals' rules, Opp. at 3, are irrelevant.

[4] Mr. Rice cites 18 U.S.C. § 3006A(g)(3) for the proposition that PDS is liable for Attorney Hayes's actions under Section 1983. The statute referenced addresses a variety of issues related to the legal representation of indigent defendants in federal proceedings. *See* 18 U.S.C. § 3006A. The section Mr. Rice cites is irrelevant to this matter, providing only that the Director of the Administrative Office of the United States Courts in certain circumstances will indemnify attorneys appointed to represent indigent defendants in federal proceedings. *Id.* at § 3006A(g)(3).

available where the injury is a result of the defendant's "custom or policy." Opp. at 2. However, nothing in his opposition cures the Complaint's failure to allege any *facts* in support of the allegation that PDS's policy, practice, or custom deprived him of a federally protected right. As the Complaint fails to allege any facts supporting Mr. Rice's bare allegation of a PDS policy, practice or custom here, his Complaint fails to state a claim and must be dismissed. *See, e.g., Hobley v. Wachovia Corp.*, Civ. No. 06-1739(RCL), 2007 WL 2225891, at *2 (D.D.C. Aug. 1, 2007) (dismissing Section 1983 claim brought without any supporting factual allegations); *see also Bell Atlantic v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1964-65 (2007).

Mr. Rice also argues that he has met his burden of pleading a PDS policy, practice or custom in support of his Section 1983 action by referencing a purported class action initiated by another prisoner. Opp. at 2; *see Stoddard v. D.C. Public Defender Serv.*, No. 1:07-cv-0549 (RCL), filed Feb. 15, 2007 (Docket No. 1).[5] Keith Stoddard filed a Complaint in which he purported to sue on behalf of a class of unidentified plaintiffs. *Id.* at 5-6. On February 15, 2007, Judge Urbina issued a Memorandum Opinion and an Order of Dismissal dismissing Mr. Stoddard's Complaint without prejudice, and Mr. Stoddard re-filed the action on behalf of himself alone. *See Id.*, Docket Nos. 3-4. Mr. Rice's reference to Mr. Stoddard's dismissed complaint cannot support Mr. Rice's claim against PDS.

---

[5] PDS previously identified Mr. Stoddard's action as related to this one by letter to the Court on July 16, 2007.

## IV. MR. RICE'S COMMON-LAW CLAIMS FAIL.

Mr. Rice's common-law claims for fraud and legal malpractice may only be heard by this Court in its discretion as a matter of supplemental jurisdiction. As Mr. Rice fails state a claim under Section 1983, the Court should decline to exercise that discretion and dismiss his common-law claims as well. *See* Def.'s Mem. at 10. Regardless, Mr. Rice's common-law claims fail as he cites no facts in his Complaint that would support any such claim.

Mr. Rice appears to abandon the various common-law claims that he referenced in his complaint, as he recites the elements for a claim of fraud only. Opp. at 4. As to his fraud claim, as previously noted, Attorney Hayes was a member in good standing of the Wisconsin bar who was qualified and authorized to represent Mr. Rice before the Parole Commission and he was not a law student. Attorney Hayes's statement that he was an attorney was accurate, and Mr. Rice can therefore state no claim for fraud.

## CONCLUSION

For the reasons presented, Defendant PDS respectfully requests that Mr. Rice's Complaint be dismissed with prejudice.

Dated: September 17, 2007                    Respectfully submitted,

                                             WILLIAMS & CONNOLLY LLP

                                             By: _____
                                             Tobin J. Romero, Esq.
                                             D.C. Bar No. 461273
                                             David S. Kurtzer-Ellenbogen, Esq.
                                             D.C. Bar No. 489559
                                             M. Jesse Carlson, Esq.
                                             D.C. Bar No. 490196
                                             725 Twelfth Street NW
                                             Washington, DC  20005
                                             (202) 434-5000

                                             *Counsel for Defendant*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 17th day of September, 2007, a true copy of the foregoing DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM was mailed by first class mail, postage prepaid to:

George Rice #09824-007
FCI
POB 4000
Manchester, KY 40962-4000

_____
M. Jesse Carlson