UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE RICE,<br><br>       Plaintiff,<br><br>  v.<br><br>DISTRICT OF COLUMBIA PUBLIC<br>DEFENDER SERVICE,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 07-0956 (PLF)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM OPINION

This matter is before the Court on defendant's motion to dismiss. For the reasons set forth below, the motion will be granted.

I. BACKGROUND

In 2004, the United States Parole Commission held both a probable cause hearing and a parole revocation hearing at which plaintiff was represented by the District of Columbia Public Defender Service ("PDS"). *See* Compl. at 1; Pl.'s Aff. ¶¶ 1-2, 4-5. Tracy Hayes "introduced himself as an attorney from [PDS] assigned to represent [plaintiff] at [his] preliminary (probable cause) hearing." Pl.'s Aff. ¶ 1. In that capacity, Mr. Hayes "answered direct question[s] pertaining to [plaintiff] imposed by the [hearing] examiner, made assertions and signed documents" at the probable cause hearing, *id.* ¶ 3, and performed similar functions at the parole revocation hearing. *Id.* ¶ 5.

Plaintiff alleges that PDS, "hired out as Staff Attorney individuals impersonating attorneys." Compl. at 1. Thus he appears to allege that Mr. Hayes was not an attorney licensed to practice law in the District of Columbia and before the United States Parole Commission. *See id.* at 1-3. He asserts that PDS was responsible for "the blatant denial of his Sixth Amendment and Fourteenth Amendment Rights," *id.*, presumably a reference to his rights to counsel and to due process during parole revocation procedures. *See* 28 C.F.R. § 2.103(e) ("An alleged violator may be represented by an attorney at either a local or an institutional revocation hearing."). In addition, he claims that PDS committed "legal malpractice, professional malpractice, fraud and gross negligence." *Id.* at 5. He brings this civil rights action under 42 U.S.C. § 1983 ("Section 1983"), and demands damages of $3 million. *Id.* at 4,5.

## II.  DISCUSSION

In relevant part, Section 1983 provides:

> Every person who, <u>under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia</u>, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added). "To state a claim under [S]ection 1983, a plaintiff must allege both (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the defendant acted 'under color of' the law of a state, territory or the District of Columbia." *Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)), *cert. denied*, 503 U.S. 967 (1992); *West v. Atkins*, 487 U.S. 42,

48 (1988).[1]

The Supreme Court instructs that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Courts in this Circuit are bound by the Supreme Court's ruling, and have dismissed civil rights claims against defense counsel on the ground that counsel are not state actors when representing clients. *See Miles v. Ugast*, No. 98-5347, 1998 WL 929826, at *1 (D.C. Cir. Dec. 9, 1998) (per curiam) (summarily affirming dismissal of Section 1983 claims against public defenders because they are not state actors), *cert. denied*, 528 U.S. 828 (1999); *Simmons v. Beshouri*, No. 06-0380, 2006 WL 751335, at *1 (D.D.C. Mar. 23, 2006) (dismissing civil rights claims against appointed criminal defense counsel on the ground that counsel were not state actors), *aff'd*, 200 Fed. Appx. 3 (D.C. Cir. Oct. 5, 2006). Even if PDS were acting under color of District of Columbia law, PDS could not be held liable for Mr. Hayes' actions. "Section 1983 will not support a claim based on a respondeat superior theory of liability." *Dodson*, 454 U.S. at 325 (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Therefore, to the extent that plaintiff's claim against PDS rests on a respondeat superior theory, his claims fail. *Id.* His arguments to the contrary, *see*

---

[1] It appears that plaintiff alleges a deprivation of rights based on the status of Mr. Hayes' bar membership. United States Parole Commission regulations allow for a parolee's representation by counsel, and, except in circumstances apparently not present in plaintiff's case, "[o]nly licensed attorneys shall be permitted to question witnesses, make objections, and otherwise provide legal representation for parolees." 28 C.F.R. § 2.103(e). The regulation does not specify that the attorney must be a member of the District of Columbia Bar. Here, both parties submit exhibits to show that Mr. Hayes was admitted to the State Bar of Wisconsin in 2002. *See* Def.'s Mot., Ex. A. (printout from online lawyer directory of the State Bar of Wisconsin); Pl.'s Opp'n, Ex. B (August 15, 2007 letter from State Bar of Wisconsin). It appears, then, that Mr. Hayes was authorized to represent plaintiff before the Parole Commission in 2004.

Pl.'s Opp'n at 4, are unavailing.

### III.  CONCLUSION

The Court concludes that plaintiff fails to state a Section 1983 claim upon which relief can be granted and, accordingly, that the claim must be dismissed.  Upon the dismissal of the only claim over which this Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over plaintiff's fraud and negligence claims.  *See* 28 U.S.C. § 1367(c)(3).

An Order consistent with this Memorandum Opinion will be issued separately.

/s/
PAUL L. FRIEDMAN
United States District Judge

Date:  January 30, 2008